[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 25, 2010
JOHN LEY
CLERK

No. 09-15638
Non-Argument Calendar

_____

D. C. Docket No. 08-00036-CR-WLS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES ALBERT CREASON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(June 25, 2010)

Before BLACK, HULL and PRYOR, Circuit Judges.

PER CURIAM:

After pleading guilty, James Albert Creason appeals his total 135-month

sentence imposed for armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d) (Count One), and brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count Two).  On appeal, Creason argues that his sentence is unreasonable.  After review, we affirm.

## I.  BACKGROUND

### A.    Offense Conduct

Creason was a 53-year-old music minister who worked at a Baptist Church in Leesburg, Georgia.  In 2007, Creason's 27-year marriage ended in divorce.  In 2008, Creason's income dropped precipitously, causing Creason to experience significant financial troubles, including approximately $60,000 in credit card debt.

In August 2008, Creason entered a Leesburg bank, displayed a gun and directed the bank teller and manager to give him money.  During the robbery, the teller surreptitiously triggered the silent alarm.  After Creason emptied the teller's cash drawer, he forced the teller and manager at gunpoint into the bank's vault area, where he took more money, for a total of about $36,000.  Because Creason's ex-wife formerly had worked at the bank, the bank manager knew Creason and begged him not to hurt her.  Creason agreed, but told her that if she identified him he would come back and "get her."  As Creason left, he took the bank's surveillance tape.  Police apprehended Creason within minutes of his departure.

**B.      Sentence**

Creason pled guilty to armed bank robbery and brandishing a firearm during the bank robbery.  The Presentence Investigation Report ("PSI") calculated an advisory guidelines range of 51 to 63 months' imprisonment as to Count One (armed bank robbery) based on an adjusted offense level of 24 and a criminal history category of I.  The PSI noted that Count Two (brandishing a firearm) carried a statutory, mandatory minimum, seven-year consecutive sentence, pursuant to 18 U.S.C. § 924(c)(1)(A)(ii), and that the advisory guidelines sentence for that count was 84 months, pursuant to U.S.S.G. § 2K2.4(b), the seven-year mandatory minimum.

Creason filed several objections to the PSI, but later withdrew all of them except his objection to the PSI's failure to recommend a downward variance.  At the sentencing hearing, the district court adopted the PSI and its guidelines calculations.

Creason acknowledged that he was subject to the mandatory minimum seven-year sentence on Count Two, but asked the district court to vary his sentence downward as to Count One for a total sentence "as close to the seven year mark as you can."  In support, Creason pointed out that he had no criminal record, served for years in the ministry and held a significant role in his church and community.

Creason personally addressed the court, acknowledged his mistake and requested leniency so he could care for his family. The district court stated that it had received and read a number of letters written by church members on Creason's behalf. The government requested a sentence within the advisory guidelines range.

The district court acknowledged that Creason's case was "unusual," noting specifically that Creason, at 53, had no prior criminal history, had done "an outstanding job" serving his church congregation and had been under emotional and financial stress at the time of the offenses. On the other hand, the district court emphasized that the crime Creason committed was a very serious offense that was fraught with dangerous potential given Creason's use of the gun. The district court highlighted the fact that someone could have been killed during the robbery and that "however upset you may have been, . . . if some family had to bury a family member there or either your family had to bury you, that would be little consolation, because it is just that type of offense." The district court stated that "notwithstanding . . . the clear fact here that [Creason was] a person without a criminal background, that does not erase the serious nature of this offense."

The court described its dilemma by stating, "the problem for the Court becomes, one, how to give you some credit that you obviously deserve for being exemplary in your life up to this point, but at the same time the Court is required to

4

punish the conduct appropriately because it is not just about Mr. Creason. It is about what the message is to others in society when it comes to deterring crime or bad criminal choices." In light of the foregoing, the court acknowledged the advisory nature of the sentencing guidelines and the factors set forth under 18 U.S.C. § 3553(a). The district court then imposed a 51-month sentence, at the low-end of the advisory guidelines range, for Count One and the mandatory 84-month sentence for Count Two, to be served consecutively, for a total of 135 months' imprisonment.

The district court explained that a downward variance was "not appropriate under the facts as I've stated and as I found them," and that it had taken those facts "into account in sentencing at the lower end of the guidelines for the first Count . . . ." When Creason objected to the denial of his request for a downward variance, the court noted that in addition to the reasons it had provided previously, it declined to impose a total sentence close to seven years' imprisonment because "it would in effect mean that there would be no sentence for the primary offense of armed robbery." Creason filed this appeal.

## II.  DISCUSSION

We review the reasonableness of a sentence for an abuse of discretion using a two-step process. United States v. Pugh, 515 F.3d 1179, 1190 (11th Cir. 2008).

First, we look at whether the district court committed any significant procedural error, such as miscalculating the advisory guidelines range, treating the guidelines as mandatory, failing to consider the 18 U.S.C. § 3553(a) factors, selecting a sentence based on clearly erroneous facts or failing to explain adequately the chosen sentence. Id. at 1190. Then, we look at whether the sentence is substantively unreasonable under the totality of the circumstances. Id.

The party who challenges the sentence has the burden to show that it is unreasonable in light of the record and the § 3553(a) factors. United States v. Thomas, 446 F.3d 1348, 1351 (11th Cir. 2006).[1] Although we do not apply a presumption of reasonableness, we ordinarily expect a sentence within the correctly calculated advisory guidelines range to be reasonable. United States v. Hunt, 526 F.3d 739, 746 (11th Cir. 2008).

Creason argues that his sentence is procedurally unreasonable because the district court did not adequately explain its refusal to impose a downward variance

---

[1]The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the advisory guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims. See 18 U.S.C. § 3553(a).

as to Count One.[2]  The record clearly shows otherwise.  Indeed, the district court took great pains to explain to Creason why it believed a sentence below the advisory guidelines range on Count One was not appropriate.  The district court pointed to the serious nature of the armed robbery, the danger Creason posed to himself and the public in committing the offense, the desire to deter such offenses and the interest in imposing a just punishment for both offenses.  Contrary to Creason's claim, the district court explicitly considered Creason's personal history and lack of prior criminal record, but concluded that those mitigating facts did not warrant a sentence below the advisory guidelines range.  The district court also explicitly stated that it had considered the § 3553(a) factors in choosing the sentence.  Under our precedent, the district court's explanation was more than adequate.  See United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005) (explaining that "an acknowledgment by the district court that it has considered the defendant's arguments and the factors in section 3553(a) is sufficient under Booker").

We also reject Creason's contention that a 51-month sentence on Count One,

_____

[2]We find meritless Creason's suggestion that the district court misapprehended his argument for a downward variance from the advisory guidelines range as a request for a downward departure under Part K of the guidelines.  Despite the district court's occasional reference to a "departure," it is clear from the transcript as a whole that the district court understood Creason was seeking a downward variance from the advisory guidelines range based on the § 3553(a) factors.

7

at the low end of the advisory guidelines range, is substantively unreasonable. Bank robbery is a very serious offense. As the district court stressed, Creason's decision to rob a bank using a gun placed both himself and others in the bank in extreme danger. The district court concluded that the fact that Creason, up to that point, had lived a law-abiding life helping others did not outweigh the need for the sentence to reflect the seriousness of his offense and deter others and thus did not warrant a sentence below the advisory range. Creason has not given us a reason to disturb the district court's judgment. See United States v. Williams, 526 F.3d 1312, 1322 (11th Cir. 2008) ("[T]he weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." (quotation marks omitted)). Under the totality of the circumstances, we cannot say the district court abused its discretion in imposing a total 135-month sentence.

For all these reasons, Creason failed to carry his burden to show that his sentence is unreasonable.

**AFFIRMED.**

8